## John E. Lasswell v. Kate Gahan, et al.

1. BURDEN OF PROOF—*where, lies to establish payment.* The burden of proving payment is upon the party pleading it.

Action of assumpsit. Appeal from the Circuit Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

T. J. CONDON and ALBERT SALZENSTEIN, for appellant.

JAMES E. DOWLING and ROBERT H. PATTON, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit brought by appellant against appellees, to recover the sum of $355.15 claimed to be due for hay, grain, and milk furnished by him to appellees. A trial by jury resulted in a verdict and judgment for the defendants, from which an appeal is prayed.

Appellees admitted having purchased and received from appellant, at various times during several years, the articles sued for, but claimed that the same were paid for either at the time of purchase or shortly thereafter. The evidence as to whether or not the payments claimed by appellees were, in fact, made, is close and in direct conflict.

It is well settled that the burden of proving payment is upon the party pleading it. Robison v. Bailey, 113 App. 123.

The trial court instructed the jury at the request of appellant, that the burden of proof was upon the defendants to show payment; and on behalf of the defendants, that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the amounts claimed were unpaid and due and owing to the plaintiff. It is impossible to determine which instruction the jury followed.

In the state of the proof indicated, the error was prejudicial and the judgment must be reversed.

*Reversed and remanded.*